UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COLUMBUS REGIONAL HOSPITAL, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. 1:10-cv-01168-SEB-MJD |
| | ) |
| FEDERAL EMERGENCY MANAGEMENT ADMINISTRATION, | ) ) |
| | ) |
| Defendant. | ) |

**Order on Motions**

This matter is before the Court on three different Motions: Plaintiff Community Regional Hospital's ("CRH") Motion to Enter Plaintiff's Case Management Plan ("CMP") [Dkt. 13], CRH's Motion for a Continuance to Allow Discovery under Fed. R. Civ. P. 56(d) [Dkt. 43], and Defendant Federal Emergency Management Agency's ("FEMA") Motion Regarding CMP and to Stay Discovery [Dkt. 15]. On June 29, 2011, a hearing was held on CRH's Motion for a Continuance to Allow Discovery. The Court, being duly advised, now **DENIES** CRH's Motion to Allow Discovery [Dkt. 43] and CRH's Motion to Enter its CMP [Dkt. 13]. The Court **GRANTS** FEMA's Motion Regarding the CMP and Motion to Stay Discovery [Dkt. 15].

**I. Background**

In 2008, a flood occurred in Indiana that affected much of the south central region of the state, including Columbus Regional Hospital. The government declared the area a major

1

disaster area and FEMA provided assistance to those that qualified.  CRH was awarded $70 million from FEMA to help with its loss.

CRH subsequently filed a Complaint on September 15, 2010 alleging that FEMA had committed numerous violations of the governing statutes and regulations in determining the amount of assistance CRH would receive.  CRH brings claims under the Stafford Act, the Administrative Procedures Act ("APA"), the Federal Tort Claims Act ("FTCA"), and the Due Process Clause of the Fifth Amendment.[1]

Specifically, CRH challenges FEMA's policy of apportioning insurance proceeds that cover both FEMA eligible damages and FEMA ineligible damages.  CRH's insurance policy covered both property loss, which is eligible for FEMA assistance, and business interruption loss, which is ineligible for FEMA assistance. Under FEMA's policy, CRH would not be able to receive assistance for the amount of insurance proceeds that FEMA allocated as property loss because it would duplicate benefits available to CRH through its insurance policy.  CRH contends that it has not received duplicate benefits because it allocated the insurance proceeds to other expenses and was not asking FEMA to reimburse

---

[1] The Court makes no determination on the substantive arguments of either party.  Any discussion of the parties' arguments is limited to determining whether discovery should be allowed.

2

for those expenses. CRH also challenges FEMA's determination of the value of equipment damaged in the flood.

## II. Discussion

CRH is seeking written discovery, as well as the opportunity to conduct depositions of FEMA representatives, in order to assist CRH in opposing FEMA's Motion to Dismiss, or in the Alternative Motion for Summary Judgment. In response, FEMA asserts that the requested discovery is inappropriate because it is not limited to the threshold issues raised in FEMA's Motion, and because CRH has not shown the type of extraordinary and rare circumstances necessary to potentially allow for the administrative record to be further developed.

CRH contends that, under Federal Rule of Civil Procedure 56(d), discovery should be allowed before it responds to FEMA's Dispositive Motion. Rule 56(d) states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>   (1) defer considering the motion or deny it;
>
>   (2) allow time to obtain affidavits or declarations or to take discovery; or
>
>   (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). In order to show that it cannot present facts essential to justify its opposition, the non-moving party's

3

affidavit should provide: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why these efforts were unsuccessful. *See Coward v. Town and Village of Harrison*, 665 F. Supp. 2d 281, 301 (S.D.N.Y. 2009); *see also Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006); *Reed v. Lawrence Chevrolet, Inc.*, 14 F. App'x. 679, 685 (7th Cir. 2001).

**A. Stafford Act Claims**

In challenging CRH's Stafford Act claims, FEMA contends that this Court lacks subject matter jurisdiction, because the United States has not waived its sovereign immunity. Specifically, FEMA argues that the Stafford Act precludes judicial review of discretionary government functions; therefore, CRH cannot bring claims based solely on the Stafford Act.

In its Rule 56(d) affidavit, CRH contends that FEMA "delayed and denied [its] reimbursement, not based on any 'discretionary act,' but rather because certain FEMA decision makers had already decided that CRH was a large, financially strong hospital that, in their view, 'did not need' financial assistance." [Dkt. 43 Ex. 1 at 2.] CRH contends that to be a discretionary function, and thus immune to suit, the conduct must involve an element of judgment or choice that is based on considerations of public policy. While CRH is accurate in what discretionary functions

4

entail, CRH fails to connect this in any meaningful way to a need for discovery.  It is unclear whether CRH is arguing that FEMA lacked discretion entirely, had discretion but failed to base its decisions on public policy, or whether FEMA abused its discretion.

If FEMA lacked discretion, CRH should be able to point to a statute, regulation, or policy that dictated FEMA's conduct.[2] Determining whether FEMA's conduct deviated from what was required of it by a statute, regulation, or policy requires an interpretation of the relevant statute, regulation, or policy. CRH has not established that additional discovery is needed to establish that FEMA lacked discretion.

With regard to the public policy consideration prong of the discretionary function analysis, CRH fails to show that it cannot present facts essential to justify its opposition to FEMA's Motion.  CRH does not explain how FEMA's decisions are not based on public policy or involve an impermissible exercise of policy judgment.  Presumably, CRH is arguing that FEMA made an

---

[2] CRH's argument appears inconsistent as to whether FEMA should or should not enforce its policies.  In its Brief in Support, CRH argues that FEMA failed to follow its procedures for Hermann Hospital and allowed Hermann to violate FEMA procedures for allocating insurance proceeds to business interruption losses; thus, "unlike CRH, the Hermann Hospital was allowed to violate FEMA's so-called 'policies.'" [Dkt. 44 at 12].  According to CRH, this is evidence of unequal treatment and a bias against CRH.  In its Reply Brief, CRH argues that FEMA failed to abide by its own policies pertaining to the reimbursement of damaged medical equipment at costs for new comparable equipment, which again is evidence of bias and unequal treatment. [Dkt. 52 at 6-7].

5

impermissible exercise of policy judgment in determining that CRH did not need FEMA funds. CRH, however, already has the necessary evidence and facts to make this argument in response to FEMA's Motion and therefore discovery is not needed.

With regard to CRH's argument that FEMA abused its discretion, CRH again fails to show that it cannot present facts essential to justify its opposition to FEMA's Motion. Indeed, CRH has presented evidence of possible bias and what it describes as an abuse of discretion on FEMA's part. In light of the evidence CRH already possesses, CRH has failed to demonstrate the need for this discovery.

**B. APA Claims**

In challenging CRH's claims under the APA, FEMA argues that its decisions were reasonable and that discovery is improper. Generally, a court should presume that "agency actions are valid as long as the decision is supported by a rational basis," *White Eagle Co-op. Ass'n v. Conner*, 553 F.3d 467, 474 (7th Cir. 2009). Further, that review is subject to a highly deferential standard of review. *Int'l Fabricare Inst. v. U.S. EPA*, 972 F.2d 384, 389 (D.C. Cir. 1992).

Review of an agency's decision is generally limited to the administrative record. *Sokaogon Chippewa Cmty. (Mole Lake Band of Lake Superior Chippewa) v. Babbitt*, 929 F. Supp. 1165, 1172 (W.D. Wis. 1996). Accordingly, in order to gain discovery, CRH

6

must show (1) evidence suggesting bad faith or improprieties may have influenced the decision maker; (2) that the agency has relied on substantial records and materials not included in the record; or (3) the procedures utilized and factors considered by the decision maker require further explanation for effective review. *Id*. Stated differently, an APA claim may go beyond the administrative record when there is a strong showing that the agency engaged in improper behavior or acted in bad faith, *Bethlehem Steel Corp. v. U.S. EPA*, 638 F.2d 994, 1000 (7th Cir. 1980), the record is incomplete, *Texas Steel Co. v. Donovan*, 93 F.R.D. 619, 621 (N.D. Tex. 1982), judicial review is frustrated because the record fails to explain the agency's action, *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973), or the agency fails to consider all relevant factors. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

A party must make a "strong showing" that one of these exceptions applies before a court will allow extra-record inquiry. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *overruled on unrelated grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977). Further, "a court must scrutinize each matter carefully and individually while holding plaintiffs to their significant evidentiary burden." *Sokaogon Chippewa Cmty.*, 929 F. Supp. at 1178.

CRH argues that there was bad faith or bias in the decision and that the record is incomplete. In making a claim of bad faith, "[m]ere assertions that there was bad faith on the part of a decision-maker will not suffice." *McGoldrick v. Koch*, 110 F.R.D. 153, 156 (S.D.N.Y. 1986). CRH states that FEMA exhibited "prejudicial bias as to CRH's requests for assistance because CRH had reserved some monies for upcoming capital projects." [Dkt. 44 at 19.] CRH claims that support for this assertion rests in statements by FEMA's representatives to the effect that "CRH was so well heeled financially that it 'did not need' FEMA's assistance." [*Id*.] CRH further asserts that repeated and unreasonable delays in processing CRH's requests, demands from FEMA that CRH obtain new or additional insurance coverage before relief was provided, and unequal treatment of CRH as compared to other hospitals who had previously sought similar relief all demonstrate bad faith. At this point, the Court finds CRH can present facts essential to justify its opposition to FEMA's Motion and has not made a strong enough showing of bias to require inquiry beyond the administrative record.

As to CRH's claims of an incomplete record that fails to explain FEMA's actions with respect to the APA claim, CRH alleges that FEMA did not provide sufficient information on a number of different issues. Generally, an agency's administrative record is presumed complete and accurate. *Woodhill Corp. v. FEMA*, No.

97 C 677, 1997 WL 548559, at *2 (N.D. Ill. Sept. 3, 1997). "Nevertheless, the presumption disappears and the record is supplemented if the plaintiff affirmatively demonstrates that the agency relied on materials not included in the record submitted to the court." *Id.*

Like the bad faith claim, the assertion of an incomplete record, as part of the "extraordinary and rare circumstances" standard, requires CRH to make a "strong showing" that the exception applies before a court will allow extra-record inquiry. *Citizens to Preserve Overton Park*, 401 U.S. at 420. While "federal defendants are required to produce the administrative record on which the agency relied, either directly or indirectly, in reaching [its decision], … speculation that certain documents should or may exist is insufficient to overcome the presumption that the agency has properly designated and certified the administrative record." *South Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, No. CIV S-06-2845 LKK JFM, 2008 WL 3932358, at *4 (E.D. Cal. Aug. 26, 2008).

CRH has failed to affirmatively demonstrate, for the purposes of responding to FEMA's Motion, that the record is insufficient so as to preclude the formation of a response. FEMA is not required to produce "every scrap of relevant paper." *Id.* Speculation that there are documents necessary to complete the record that currently exists will not be enough to compel the

9

Court to grant discovery for the purposes of responding to FEMA's Motion. CRH can provide facts essential to justify its opposition based on the current record. As a result, CRH possesses the necessary information to respond.

**C. FTCA Claims**

Looking to whether CRH submitted its FTCA claim to the agency before filing its lawsuit and, as such, whether all administrative remedies were exhausted, the Court finds no discovery is necessary to respond. Until the federal agency denies the claim, or six months have passed after the claimant presented the claim to the agency, a claimant may not institute a claim in federal court. 28 U.S.C. § 2675. As FEMA had not issued its final decision before CRH filed suit in this Court,[3] CRH needed to wait six months after presenting its claim with FEMA before filing suit.

This issue can be resolved simply by looking at the date CRH filed its FTCA claim with FEMA and the date CRH filed suit in this Court. CRH filed in this Court on September 15, 2010. FEMA contends that CRH did not file its FTCA claim with the agency until at the earliest, October 26, 2010. Noticeably absent from CRH's argument is the date in which it alleges it filed its FTCA claim with FEMA. Instead, CRH argues that it needs discovery to

---

[3] CRH has now received the final denial from FEMA. At the hearing, the parties disputed whether CRH must refile the claims in a new lawsuit or whether CRH may amend its Complaint.

determine "the first date FEMA's Office of Chief Counsel received notice of CRH's FTCA claims and whether FEMA has intentionally withheld its decision on CRH's FTCA claim." [Dkt. 43 Ex. 1 at 4]. CRH's theory that FEMA intentionally withheld its decision, however, is purely speculative. Discovery on this issue is completely unnecessary for CRH to present essential facts to justify its opposition to FEMA's Motion.

**D. Due Process Claims**

CRH contends that it needs the same discovery contemplated in its Stafford Act, APA, and FTCA claims because it is reasonably calculated to lead to the discovery of admissible evidence regarding CRH's Due Process claim. [Dkt. 43 Ex. 1 at 4]. According to CRH, this information "should create a genuine issue of material fact regarding whether FEMA employed procedures designed to prevent arbitrary or erroneous determinations with respect to CRH's claims for FEMA assistance." [*Id.*]. FEMA asserts that CRH does not have the necessary property interest to bring a Due Process claim. Discovery is not necessary for CRH to respond to the fundamental issue of whether it has a protectable property interest. According to FEMA, even if CRH has a protected property interest, CRH is entitled to APA review, at best. For the same reasons discussed above, the Court finds that CRH can properly respond to FEMA's Motion without the requested discovery.

## I. Conclusion

For the above stated reasons, the Court hereby **DENIES** CRH's Motion for a Continuance to Allow Discovery under Fed. R. Civ. P. 56(d).[Dkt. 43]. As such, CRH's Motion to Enter Plaintiff's Case Management Plan ("CMP") is also **DENIED**.[Dkt. 13]. FEMA's Motion Regarding CMP and to Stay Discovery pending resolution of its Motion to Dismiss or in the Alternative Motion for Summary Judgment is **GRANTED** and discovery in this matter is hereby stayed pending resolution of FEMA's pending motion.[Dkt. 15]. Finally, the Court, *sua sponte*, hereby enlarges the time for CRH to respond to FEMA's Second Motion to Dismiss, or in the Alternative Motion for Summary Judgment to and including September 9, 2011.

Dated: 08/09/2011

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

Brent W. Huber
ICE MILLER LLP
brent.huber@icemiller.com

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov

Freedom S. N. Smith
ICE MILLER LLP
freedom.smith@icemiller.com