UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COLUMBUS REGIONAL HOSPITAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. 1:10-cv-01168-SEB-MJD |
| | ) | |
| FEDERAL EMERGENCY MANAGEMENT | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING/OVERRULING PLAINTIFF'S MOTION FOR RECONSIDERATION OF AND OBJECTION TO THE MAGISTRATE JUDGE'S RULING
(Docket No. 60)**

On August 9, 2011, Magistrate Judge Mark Dinsmore issued an order denying Plaintiff Columbus Regional Hospital's ("CRH") Rule 56(d) Motion for a Continuance to Allow Discovery [Docket No. 43] and Motion to Enter its Case Management Plan [Dkt. 13], and granting Defendant the Federal Emergency Management Administration's ("FEMA") Motion Regarding the Case Management Plan and to Stay Discovery [Docket No. 15]. [Docket No. 58]. On August 23, 2011, CRH filed its objection to the Magistrate Judge's order and moved the Court to reconsider and set aside Magistrate Judge Dinsmore's ruling. [Docket No. 60]. Having reviewed the Magistrate Judge's ruling, the pending Objection to the Magistrate Judge's Order, and the Defendant's response thereto, we find nothing about the Magistrate Judge's Order

1

issued on August 9, 2011 that is clearly erroneous or contrary to law.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b), the Court must consider and modify or set aside the pretrial ruling, or any part thereof, issued by a magistrate judge that is clearly erroneous or contrary to law.  Using the clear error standard, the Court will sustain the objection "only if [it] is left with the definite and firm conviction that a mistake has been made."  *Weeks v. Samsung Heavy Indus., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

## FACTUAL AND PROCEDURAL BACKGROUND

A brief summary of the relevant facts provide as follows: CRH received $70 million in taxpayer funded grants from FEMA following a flood that occurred throughout major portions of southern Indiana in June 2008.  CRH contends that it is entitled to approximately $17.1 million in additional grants, and alleges that FEMA violated the Stafford Act, 42 U.S.C. §§ 5121, *et seq.* ("Stafford Act"), the Administrative Procedures Act, 5 U.S.C. §§ 551 *et seq.* ("APA"), the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA") and the Due Process Clause of the Fifth Amendment in its decision not to grant these additional funds.

On February 18, 2011 FEMA filed a Motion to Dismiss or in the Alternative for Summary Judgment, along with the

2

administrative record, addressing jurisdictional and threshold issues, as well as the APA claims.[1] [Dkt. 26]  CRH then filed its Motion for Continuance to Allow Discovery Under Rule 56(d) on May 4, 2011, seeking a continuance to allow depositions and other discovery that CRH claims are necessary for it to respond to FEMA's dispositive motion.  Magistrate Judge Dinsmore denied CRH's request for discovery, concluding that the discovery was not necessary in order for CRH to respond to FEMA's dispositive motion, and in turn denied CRH's motion to enter its case management plan and granted FEMA's motion to stay discovery.

## DISCUSSION

Federal Rule of Civil Procedure 56(d) provides that a court may permit a party to take discovery if the party shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to a summary judgment motion.  Fed. R. Civ. P. 56(d)(2).  Although CRH argues in its opposition brief that Magistrate Judge Dinsmore erred by relying on the legal standard applicable to requests for discovery on a Rule 56 summary judgment motion and instead should have analyzed the need for discovery under Rule 12(b)(1) [Docket No. 60 at 2], CRH conceded that FEMA's dispositive motion should be treated as a motion for summary judgment both

---

[1] This motion was withdrawn per the Court's order dated April 29, 2011 [Docket No. 42] and re-filed as FEMA's Second Motion to Dismiss or in the Alternative Motion for Summary Judgment on April 28, 2011. [Docket No. 40].

in its Brief in Support of its Motion for Discovery [Docket No. 44 at 6] and at oral argument before Magistrate Judge Dinsmore on June 29, 2011. [Docket No. 68-1 at 8:18-23].  Additionally, in the Seventh Circuit, a sovereign immunity defense is not a jurisdictional issue analyzed under Rule 12(b)(1), but rather under Rule 12(b)(6). "A standard rule in considering jurisdictional challenges is that when the court's jurisdiction and the claim for relief are predicated on the same federal statute but the basis for relief is subsequently found to be inapplicable, the district court should not dismiss the case under Rule 12(b)(1), but rather proceed as if jurisdiction exists and determine the merits of the claim under Rule 12(b)(6)." *Frey v. E.P.A.*, 270 F.3d 1129, 1131 (7th Cir. 2001)(quoting *Central States, Southeast and Southwest Areas Health and Welfare Fund v. Neurobehavioral Assos.*, 53 F.3d 172, 174 (7th Cir.1995)).  The Seventh Circuit has recognized that "the proper inquiry is not one of jurisdiction, but whether the United States has a defense to suit." *Williams v. Fleming*, 597 F.3d 820, 824 (7th Cir. 2010).  Limits on the Government's waiver of sovereign immunity do not withdraw subject-matter jurisdiction from the federal courts; thus, the Government's motion to dismiss on the basis of sovereign immunity is properly treated as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  Both parties have conceded that FEMA's

motion to dismiss must be treated as a motion for summary judgment under Rule 56, and the Court agrees that the Magistrate Judge's order utilized the proper standard.

A. *Stafford Act Claim*

In analyzing whether discovery is needed for CRH to respond to FEMA's assertion that CRH's Stafford Act claims should be dismissed on the basis of sovereign immunity, the Magistrate Judge acted well within his lawful discretion in determining that CRH could respond to FEMA's motion without the need for additional discovery.  In our view, the Magistrate Judge properly determined that CRH already possessed enough evidence to address whether there is some other basis upon which FEMA has waived sovereign immunity, which is the threshold issue addressed in FEMA's dispositive motion.  Thus, the decision not to permit discovery on CRH's Stafford Act claim was not clearly erroneous or contrary to law.

B. *APA Claim*

As acknowledged by CRH, a court's review of an agency's decision typically is limited to the administrative record. [Docket No. 60 at 10].  Discovery is generally not appropriate for claims brought under the APA, and judicial review of the agency's action is based upon the record the agency presents to the reviewing court.  *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). While there is an exception where the

plaintiff can show bad faith, bias, or that the record is incomplete, the Magistrate Judge's determination that CRH's affidavits and evidence presented at oral argument did not demonstrate the requisite "strong showing" that these exceptions apply such that extra-record inquiry is necessary.  The Magistrate Judge's order denying CRH's discovery on its APA claims was not clearly erroneous or contrary to law.

### C. FTCA Claim

The requirement that a plaintiff exhaust its administrative remedies prior to instituting a suit against a federal agency is fairly straightforward.  A claimant may not institute a claim against a federal agency in federal court until the federal agency denies the claim, or six months after the claimant has presented the claim to the agency.  28 U.S.C. § 2675. CRH must only show that it complied with the statute's requirements in exhausting its administrative remedies in order to address FEMA's argument.  The Court agrees with the Magistrate Judge's determination that CRH does not need any discovery in order to address FEMA's assertion that CRH failed to file its claim with the agency prior to filing this lawsuit, and this decision was not clearly erroneous.

### D. Due Process Claim

FEMA alleges in its dispositive motion that CRH has failed to state a due process claim because it does not have a

protectable property interest, which is the fundamental issue that CRH must address in its opposition to FEMA's motion.  CRH's opposition to the Magistrate Judge's order does not point to any additional evidence that is necessary and that must be obtained via discovery that would address this threshold issue.  Instead, CRH glosses over this fundamental prerequisite and proceeds as if it has already been established that CRH has a protectable property interest and has properly asserted a due process claim. The Magistrate Judge's determination that CRH does not need additional discovery to respond to this allegation in FEMA's dispositive motion is not in error.

**CONCLUSION**

For the foregoing reason, the Court **OVERRULES** CRH's Objection to the Magistrate Judge's August 9, 2011 Order on Motions.  Accordingly, that order is affirmed.


Date: 03/28/2012

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana


Distribution:

Electronically registered counsel of record